**F I L E D**

**UNITED STATES COURT OF APPEALS**

**JUL 10 2002**

**TENTH CIRCUIT**

STEVEN AYALA,

     Plaintiff - Appellant,

and

PATRICK FARRAR,

     Plaintiff,

v.

ADAMS COUNTY and ARAPAHOE
COUNTY,

     Defendants - Appellees.

No. 02-1027
(D.C. No. 01-D-355)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **LUCERO**, and **HARTZ**, Circuit Judges.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-Appellant Steven Ayala, along with Patrick Farrar, filed, pursuant to 42 U.S.C. § 1983, a pro se suit against Adams County and Arapahoe County in the United States District Court for the District of Colorado. In their complaint, Mr. Ayala and Mr. Farrar allege that "by bigot, bias, prejudicial, discriminatory individuals (under color of state law) [and] public officials were involved in a conspiracy to violate plaintiff's [sic] Federal Constitutional Rights." (R.O.A. Vol. I, Doc. 1.) In a vague and conclusory manner, they contended that a Colorado district court judge sitting in Arapahoe County, as well as a deputy district attorney for Arapahoe County, conspired to send Mr. Ayala to prison because he is a Mexican-American. (Id., Doc. 5.) Similarly, they vaguely suggested that Mr. Farrar had been denied his constitutional right because he is an African-American.

The district court referred the case to a magistrate judge, who recommended dismissing the suit against Arapahoe County under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. (See Mag. R. & R. at 4-5.) The magistrate judge further recommended that the allegations against Adams County be dismissed under Rule 4(m) for failure of service of process. (Id. at 6.) Finally, the magistrate judge recommended, in accordance with Rule 41(b), dismissing Mr. Farrar's claims for a failure to prosecute. (Id.)

Mr. Ayala filed timely objections to the magistrate judge's report and recommendation, but the district court overruled Mr. Ayala's objections and adopted the magistrate judge's report and recommendation in its entirety, finding that Mr. Ayala had not offered "a single fact or argument" to support his objections. (Order at 2.) The district court then dismissed the suit with prejudice, an order Mr. Ayala now appeals.

After reviewing the record on appeal and considering Mr. Ayala's briefs, we deem the appeal frivolous and **AFFIRM** the district's court order substantially for the reasons stated in the magistrate judge's report and recommendation and the district court's opinion. We further **DENY** Mr. Ayala's motions to submit additional evidence, his motion to reconsider our May 23, 2002 order rejecting his request for summary judgment and a jury trial, and his motion to proceed with his complaint and to allow discovery.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

- 3 -